IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHARLA DEANNA THOMAS,           )
                                )
            Petitioner,         )
                                )
v.                              )          Civil Action No. 1:10cv664-MEF
                                )                    (WO)
UNITED STATES OF AMERICA,       )
                                )
            Respondent.         )

**O R D E R**

On August 6, 2010 (Doc. No. 2), this court entered an order in accordance with

*Castro v. United States*, 540 U.S. 375 (2003), advising the petitioner of its intention to

recharacterize her self-styled "Motion to Correct Sentence," filed with this court on July 13,

2010 (Doc. No. 1), as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C.

§ 2255. The court cautioned the petitioner that such recharacterization would render the

motion and any subsequent § 2255 motion susceptible to the procedural limitations imposed

upon § 2255 motions, specifically the one-year period of limitation and the successive-

petition bar applicable to post-conviction motions. (Doc. No. 2 at 2-3.) In addition, as

required by *Castro*, the court ordered that on or before August 27, 2010, the petitioner

should advise the court that she seeks to do one of the following:

> 1. Proceed before this court pursuant to 28 U.S.C. § 2255 on those claims presented in her motion (Doc. No. 1);

> 2. Amend her motion to assert any additional claims pursuant to 28 U.S.C. § 2255 on which he wishes to challenge the conviction and sentence imposed upon him by this court; or

3. Withdraw her motion.

(Doc. No. 2 at 3.)  The court also advised the petitioner that if she failed to file a response in compliance with  its order, which required that she advise the court that she wished to do one of the above, this cause shall proceed as an action under 28 U.S.C. § 2255, with the court considering only those claims presented in her original motion.  (*Id.*)

The requisite time has passed, and the petitioner has filed nothing with this court in response to the court's order.  Accordingly, this cause shall proceed as an action under 28 U.S.C. § 2255 and the court will consider only those claims presented in the motion filed by the petitioner on July 13, 2010 (Doc. No. 1).  The CLERK is hereby DIRECTED to serve a copy of the petitioner's §2255 motion upon the United States Attorney for the Middle District of Alabama.  The United States Attorney is

ORDERED to file a response to the petitioner's motion on or before October 18, 2010.  The government is advised that its response must address each claim presented by the petitioner in the § 2255 motion.

**In filing its response, the government shall identify and produce all documents and court records relevant to the issues pending in this cause of action.  The government should also indicate what transcripts are available, whether such documents are a part of the original criminal record, and, if not, when they can be furnished to the court**.  The government shall attach to its response those portions of the trial record, including the plea agreement, guilty plea proceeding, and/or sentencing

2

transcript, that are pertinent to a determination of the issues presented in this cause of action. **In addition, if this court is barred from reviewing a petitioner's claims due to his failure to properly preserve such claims, the government shall identify the defaulted claim(s) and provide a factual and legal basis for the procedural default argument**. Moreover, in filing its response, the government shall make specific reference to the portion of 28 U.S.C. § 2255 that provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**The government is advised that its response should contain a detailed procedural history, all relevant records, and citations to applicable case law from which the court can determine the applicability of the limitation period contained in 28 U.S.C. § 2255.**

**The parties are advised that no motion for summary judgment, motion to**

**dismiss or any other dispositive motions addressed to the motion to vacate may be filed by any party without permission of the court. If any pleading denominated as a motion for summary judgment, motion to dismiss or other dispositive motion is sent to the court, the court shall not file or otherwise treat the pleading as a dispositive motion until and unless further order of the court.**

The *Federal Rules of Civil Procedure* require that the petitioner mail to counsel for the government a true copy of anything that is sent to the court. Consequently, the petitioner is advised that she must mail to the United States Attorney for the Middle District of Alabama a true copy of **anything** that she sends to the court. Any document, pleading or correspondence sent to the court should specifically state that it has been sent to the United States Attorney for the Middle District of Alabama. Failure to comply with the directives of this order may result in delaying resolution of this case. Moreover, the petitioner is specifically **CAUTIONED** that her failure to file pleadings in conformity with the *Federal Rules of Civil Procedure* and/or the directives contained in this order will result in such pleadings not being accepted for filing. The CLERK is DIRECTED to not accept for filing any pleadings submitted by the petitioner that are not in compliance with either the *Federal Rules of Civil Procedure* or the directives contained in this order.

Done this 15ᵗʰ day of September, 2010.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

4